UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY DEVIL RAYS, LTD.,
a Florida limited partnership, by and through
NAIMOLI BASEBALL ENTERPRISES,
managing general partner,

    Plaintiff,

v.                                          CASE NO.: 8:04-CV-1330-T-17MAP

STANDARD SECURITY INSURANCE COMPANY
OF NEW YORK,

    Defendant.
_____/

## **ORDER**

THIS CAUSE came on for consideration upon Plaintiff's Motion to Compel Production of Documents (doc. 17), and Defendant's response thereto (doc. 28). This case concerns a disability insurance policy issued by Defendant to Plaintiff for Matt White, a professional baseball pitcher employed by Plaintiff. Plaintiff seeks an order compelling Defendant to produce documents which they claim are necessary to insure Defendant followed its own guidelines in handling Plaintiff's claim and to ascertain how Defendant managed disability claims for other professional athletes. Defendant claims that the requested documents are irrelevant.

    *a. Request for Production No. 1*

Plaintiff's first request for production seeks "[a]ll procedure manuals, guidelines, bulletins, notices, training videos, training materials or any other materials used by Standard ... that relate to the process, investigation or adjudication of claims on disability insurance policies." Plaintiff argues that this information is necessary to determine whether Defendant's employees followed its guidelines in deciding to deny Plaintiff's claim. I agree. Defendant is to furnish its claim file

pertaining to the Plaintiff's claims for coverage (that are at issue here) and any supporting documents (i.e., training materials, procedure manuals, guidelines, etc.) used or applied in reaching any decisions about any issues of coverage regarding Mr. White's disability status. These items are not protected by the work-product rule. *See Auto Owners Ins. Co. v. Totaltape, Inc.,* 135 F.R.D. 199 (M.D. Fla. 1990) (claims manuals and guidelines for interpreting policy provisions were created in the ordinary course of business and not protected by work-product rule); *see also Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.,* 5 F.3d 1508, 1515-1516 (D.C. Cir. 1993) (recognizing that courts applying work-product standards have frequently declined to find insured-insurer communication within the "penumbra of the work-product doctrine"); *Conn. Indem. Co. v. Carrier Haulers, Inc.,* 197 F.R.D. 564 (W.D. N.C. 2000) (documents created by insurer in deciding to deny claim were not protected by work-product doctrine).

I do find, however, that the materials sought are sufficiently sensitive to warrant issuance of a protective order under Fed.R.Civ.P. 26(c)(7). In this regard, the parties are directed to confer and within ten (10) days of the entry of this Order submit a joint proposed confidentiality agreement and protective order limiting disclosure of the items produced in response to request one.

   b. *Request for Production No. 2*

Plaintiff's second request for production seeks "[t]he entire claim files for the last ten disability claims relating to disability claims by professional athletes ... that were processed ... by Standard ... . With respect to such documents, Standard may redact any identifying information of the individual who was allegedly disabled." Plaintiff claims these documents are relevant to determine how the terms and provisions of the policy have been applied to other professional athletes. However, such information is not relevant to Plaintiff's coverage under the policy. *See*

2

*Brown*, 2001 WL 1230528 at 6 (defendant's decision on other claimants has no bearing on whether plaintiff is "disabled" within the meaning of the policy); *see also Ramirez v. Am. Family Mut. Ins. Co.*, 652 N.E.2d 511, 516-17 (Ind. Ct. App. 1995) and *Mordesovitch v. Westfield Ins. Co.*, 244 F.Supp.2d 636, 650 (S.D.W.Va. 2003).  Accordingly, it is hereby

    ORDERED:

1. Plaintiff's Motion to Compel Production of Documents (doc. 17) as to Request for Production No. 1 is GRANTED.  Plaintiff's Motion as to Request for Production No. 2 is DENIED.

2. The parties shall execute a joint proposed confidentiality agreement and protective order within ten (10) days of the entry of this Order.

3. Within five days (5) days after entry of a Confidentiality and Protective Order, the Defendant shall provide to Plaintiff a complete response to Request for Production No. 1.

DONE AND ORDERED in chambers at Tampa, Florida on this 9th day of November, 2005.

                                          MARK A. PIZZO
                                          UNITED STATES MAGISTRATE JUDGE

Copies to: counsel of record