**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


TAMPA BAY DEVIL RAYS, LED., a
Florida limited partnership, by and through
NAMELY BASEBALL ENTERPRISES,
Inc., a Florida corporation, its managing
General partner,

      Plaintiff,

vs.                                                    CASE NO. 8:04-CV-1330-T-17MAP


STANDARD SECURITY LIFE INSURANCE
COMPANY OF NEW YORK,

      Defendant.
_____/

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE


This cause is before the Court on Defendant's Dispositive Motion for Summary
Judgment and Accompanying Statement of Undisputed Material Facts and Memorandum of
Law, filed on November 4, 2005 (Docket No. 31) and Plaintiff's response thereto, filed on
November 30, 2005.  (Docket No. 46)  Additionally, this cause is before the Court on
Defendant's Motion to Strike Affidavit of Matthew White and Memorandum of Law in Support
Thereof, filed on December 16, 2005 (Docket No. 51) and Plaintiff's response thereto, filed on
January 9, 2006.  (Docket No. 60)  Furthermore, this cause is before the Court on Defendant's
Motion to Strike Affidavits of Joseph Coleman, Chuck Hernandez, and Peter Indelicato, M.D.,
Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment and
Memorandum of Law in Support Thereof, also filed on December 16, 2005 (Docket No. 52) and
Plaintiff's response thereto, filed January 9, 2006. (Docket No. 58)  Finally, this cause is before
the Court on Plaintiff's Motion for Partial Summary Judgment, filed on November 4, 2005

CASE NO. 8:04-CV-1330-17-MAP

(Docket No. 40) and Defendant's response thereto, filed on November 30, 2005.  (Docket No. 49)

## BACKGROUND

On May 24, 2004, Plaintiff, TAMPA BAY DEVIL RAYS, LED. (the "Plaintiff"), filed a complaint (the "Complaint") against Defendant STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK (the "Defendant").  The Plaintiff filed the Complaint in the Circuit Court of the Thirteenth Judicial Circuit of Florida in and for Hillsborough County, Florida.  On June 10, 2004, the Complaint was removed by the Defendant to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441 (2004) (removal), as the parties meet the diversity requirements under 28 U.S.C. § 1332 (diversity) due to an amount in controversy exceeding $75,000.00 and the appropriate diversity of citizenship. (Plaintiff is a Florida limited partnership and Defendant is a New York corporation)

In the Complaint, the Plaintiff set forth two counts against the Defendant: (1) breach of contract; and (2) declaratory relief.  (Docket No. 2)  The Plaintiff sought the following remedies: (1) damages; and (2) declaratory relief.  (Docket No. 2)  On June 29, 2004, the Defendant filed its Answer and Affirmative Defenses.  (Docket No. 6)  Additionally, the Defendant filed its Motion to Determine the Sufficiency of Answers to Requests for Admission and Incorporated Memorandum of Law in Support Thereof on April 29, 2005.  (Docket No. 13)  In response, on May 12, 2005, the Plaintiff filed its Response to Defendant's Motion to Determine the Sufficiency of Answers to Requests for Admission and Incorporated Memorandum of Law in Support Thereof.  (Docket No. 14)  The assigned magistrate judge (The Honorable Mark A. Pizzo) denied the Defendant's Motion to Determine the Sufficiency of Answers to Requests for Admission and Incorporated Memorandum of Law in Support Thereof on July 22, 2005 (Docket No. 16)

Furthermore, on November 4, 2005, the Defendant filed three (3) documents: (1) its

CASE NO. 8:04-CV-1330-17-MAP

Dispositive Motion for Summary Judgment and Accompanying Statement of Undisputed Material Facts and Memorandum of Law; (2) its Motion to Exclude the Testimony of Plaintiff's Expert Mary Fuller and Incorporated Memorandum of Law in Support Thereof; and (3) its Motion to Exclude and/or Limit the Testimony of Plaintiff's Expert, Peter Indelicato, M.D. and Incorporated Memorandum of Law in Support Thereof.  (Docket Nos. 31, 38-39)  Additionally, on that day, the Plaintiff filed its Motion for Partial Summary Judgment.  (Docket No. 40)

Subsequently, the Plaintiff filed three (3) documents on November 30, 2005: (1) its Response in Opposition to Defendant's Dispositive Motion for Summary Judgment and Accompanying Statement of Undisputed Material Facts and Memorandum of Law; (2) its Response to Defendant's Motion to Exclude and/or Limit the Testimony of Plaintiff's Expert, Peter Indelicato, M.D. and Incorporated Memorandum of Law in Support Thereof; and (3) its Response to Defendant's Motion to Exclude the Testimony of Plaintiff's Expert Mary Fuller and Incorporated Memorandum of Law in Support Thereof.  (Docket Nos. 46-48)   Also on November 30, 2005, the Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.  (Docket No. 49)

On December 15, 2005, Magistrate Judge Pizzo entered an order denying, without prejudice, the Defendant's Motions to Exclude the Testimony of Mary Fuller and Peter Indelicato, M.D. (Docket No. 50)  Additionally, the Defendants filed two motions on December 16, 2005: (1) Defendant's Motion to Strike Affidavit of Matthew White Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof; and (2) Defendant's Motion to Strike Affidavits of Joseph Coleman, Chuck Hernandez, and Peter Indelicato, M.D., Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in Support Thereof.  (Docket Nos. 51-52)  In response, on January 9, 2006, the Plaintiffs submitted two documents: (1) Plaintiff's Response to Defendant's Motion to Strike Affidavits of Joseph Coleman, Chuck Hernandez, and Peter Indelicato, M.D.; and (2) Plaintiffs Response in Opposition to Defendant's Motion to Strike Affidavit of Matthew White and Memorandum of Law in Support Thereof.  (Docket Nos. 58, 60)

CASE NO. 8:04-CV-1330-17-MAP

## DISCUSSION

There are a multitude of issues before this Court. The first set of issues is brought forth by the Defendant in its Motion for Summary Judgment. In addressing the Defendant's motion, this Court will discuss: (1) whether a genuine issue of material fact exists, such that the Defendant is not entitled to a judgment as a matter of law; and (2) whether the Defendant is entitled to a judgment as a matter of law due to the Plaintiff's alleged failure to meet the "Notice of Claim" and "Proof of Loss" provisions of the policy. Additionally, the Defendant brought forth another set of issues in its Motions to Strike Affidavits of Matthew White, Joseph Coleman, Chuck Hernandez, and Peter Indelicato, M.D. Finally, the Plaintiff presented three issues to this Court in its Motion for Partial Summary Judgment: (1) whether Florida or New York law governs this case; (2) whether Endorsement No. 3 supersedes conflicting provisions in the policy; and (3) whether the Defendant was prejudiced by the Plaintiff's alleged violation of the requirements of the "Notice of Claim" and "Proof of Loss" provisions in the policy.

**I.      Defendant's Motion for Summary Judgment**

**A.      Standard of Review**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Fed. R. Civ. P. 56(c)) This determination is not based solely on the pleadings, but can be made if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," support the moving party's contention that no genuine issue of material fact exists. *Id.*

Once the moving party has properly supported its motion for summary judgment, the non-moving party must go beyond the pleadings to show that a genuine issue exists for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-moving party must come forward with evidence sufficient to establish the existence of the essential elements of that party's case, and for which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322; *Hilburn v. Murata Elecs. N. Am. Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).

CASE NO. 8:04-CV-1330-17-MAP

When determining whether the moving party has met its burden, the Court accepts as true the nonmovant's evidence, and all justifiable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The question before the court then is not whether the judge thinks that the evidence obviously favors one side or the other, rather, the question is whether a fair minded jury could return a verdict for the plaintiff on the evidence presented. *Id*. at 252. Where the record, taken in its entirety, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue to be resolved at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B.    Discussion**

The Defendant filed its Dispositive Motion for Summary Judgment with this Court claiming that the Plaintiff is unable, as a matter of law, to meet its burden of establishing contractual entitlement to benefits. Additionally, the Defendant claims that the Plaintiff's undisputed failure to timely comply with the insurance policy's requirements for giving notice and proof of its claim constitutes an additional ground for entering summary judgment in the Defendant's favor.

**1.    Defendant's Claim Regarding Plaintiff's Inability to Meet its Burden**

Endorsement 3 to the insurance policy issued by the Defendant to the Plaintiff for coverage of Matt White amends the definition of "Total Disability" or "Totally Disabled" under the "Definitions" section of the certificate to read that:

> "Total Disability or Totally Disabled means, if the Insured is Totally Disabled for twelve (12) consecutive months and such Total Disability prevents him from engaging in his Occupation as a professional baseball pitcher, and at the expiry of such twelve (12) month period he is unable to perform as a Major League Baseball Pitcher, the first claim payment of fifty percent (50%) of the Amount of Benefit will be paid to the Beneficiary."

The Defendant argues that because White pitched for the Durham Bulls (a minor league professional baseball team) in seven (7) regular season games in April and May of 2001, he engaged in his occupation as a professional baseball pitcher and therefore was not "totally disabled" during the time period covered by the policy. The Plaintiff, in turn, argues that, although White took the mound for Durham in April and May of 2001, he pitched at a level

CASE NO. 8:04-CV-1330-17-MAP

below that which is required of a professional during that time period (due to his rotator cuff injury suffered while pitching for the U.S. Olympic team in September of 2000) and, therefore, was disabled during the necessary twelve (12) month period set out by the policy.

The Plaintiff provides evidence to this Court of an Earned Run Average of 4.50, two hit batters, two wild pitches, and more pitches thrown for balls than strikes in the first game of that time period. Additionally, the Plaintiff provides deposition testimony by Larry Rothschild, the Devil Rays former pitching coach, that a strike ratio under fifty percent (50%) is unacceptable in professional baseball. Furthermore, in the following two games, the Plaintiff provides evidence to this Court that White walked an average of almost one (1) batter per inning; again, Rothschild's deposition testimony states that this number of walks per inning is unacceptable in professional baseball.

There is clearly conflicting evidence regarding whether or not White was "totally disabled" during the period covered by the insurance policy's terms. The issue of whether or not White was "totally disabled" during such period is material to this case. Additionally, it is unclear whether White engaged in his occupation as a professional baseball pitcher simply by taking the mound or whether the level of his performance while on the mound affects the determination of whether or not he was engaging in such occupation. It is not for this Court to make the determination as to White's disability, that is a task left for the jury to decide.

2.     **Defendant's Claim Regarding Plaintiff's Failure to Provide Timely Notice of Claim and Proof of Loss**

In addition to their argument above, the Defendant argues that the Plaintiff's failure to timely comply with the "Notice of Claim" and "Proof of Loss" provisions of the insurance policy give the Defendant a separate ground for summary judgment in its favor.

The language of the "Notice of Claim" provision states that written notice of the claim must be given as soon as reasonably possible and, if possible, within twenty (20) days of any surgery, hospital admission, injury, or sickness. It appears to be undisputed that the Plaintiff did not provide written notice to the Defendant within the encouraged time period of twenty (20)

CASE NO. 8:04-CV-1330-17-MAP

days. However, the language of the provision states that notice must be given "as soon as reasonably possible." Whether or not the length of time taken by the Plaintiff to provide notice of claim was reasonable is not a determination to be made by this Court, rather, it is a decision that ought to be made by the jury.

Similarly, the language of the "Proof of Loss" provision states that proof of loss is to be given to the Defendant within twenty (20) days <u>or as soon as reasonably possible</u>. Again, it does not appear to be in dispute that the Plaintiff did not provide such proof of loss during the twenty (20) day time period. However, as stated above, the use of language regarding the reasonableness of the length of time that the Plaintiff took in providing proof of loss to the Defendant places the responsibility for resolving this issue squarely in the hands of the jury.

## II.      **Defendant's Motions to Strike Affidavits**

Because the Court was able to resolve the Defendant's Motion for Summary Judgment without resorting to consideration of the disputed affidavits, the Court is not required to address the Motions to Strike. Any opposition to the affidavits at trial will be considered at that time. The Motions to Strike shall be denied as moot.

## III.     **Plaintiff's Motion for Partial Summary Judgment**

In addition to the Defendant's Motion for Summary Judgment, the Plaintiff submits its own Motion for Partial Summary Judgment. In its motion, the Plaintiff makes three (3) arguments: (1) Florida, not New York, law governs the policy in question; (2) Endorsement No. 3 supersedes previous provisions of the insurance policy; and (3) the Defendant, as a matter of law, was not prejudiced.

The Court feels that there are many facts at issue regarding the conflict of laws segment of the motion, which directly impacts the other two pieces of the Plaintiff's Motion for Partial Summary Judgment. Because of this, the Court feels that the parties would be well-served by an evidentiary hearing and thus refers these issues to Magistrate Judge Pizzo for further proceedings and issuance of a report and recommendation. Accordingly, it is

CASE NO. 8:04-CV-1330-17-MAP

**ORDERED** that the Defendants' Motion for Summary Judgment (Docket No. 31) be **DENIED**, the Defendant's Motions to Strike Affidavits (Docket Nos. 51-52) be rendered **MOOT**, and the Plaintiff's Motion for Summary Judgment (Docket No. 40) be referred to Magistrate Judge Pizzo.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 26th day of April, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record